UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GLENN NELSON and DAWN KNOLL, | Case No. 21-CV-1397 (PJS/LIB) |
| Plaintiffs, | |
| v. | ORDER |
| MARSHALL CO SHERIFF DEPT, | |
| Defendant. | |

Plaintiffs Glenn Nelson and Dawn Knoll filed this action in the United States District Court for the District of Maryland on June 1, 2021, challenging their Minnesota convictions and associated fines for unauthorized use of disability parking spaces and vehicle certificates. ECF No. 1. Both Nelson and Knoll also filed applications to proceed *in forma pauperis* ("IFP"). ECF Nos. 2, 3. Finding no discernable connection between this lawsuit and the State of Maryland, the District of Maryland transferred this action to this Court in an order dated June 14, 2021. ECF No. 5. For the reasons that follow, this Court now dismisses the complaint without prejudice for lack of subject-matter jurisdiction and denies plaintiffs' IFP applications as moot.

According to publicly available court records, both Nelson and Knoll were cited in July 2018 for parking in or obstructing access to a disability parking area in violation of Minn. Stat. § 169.346, subd. 1(1). Nelson was also charged with one additional count of unauthorized use of a parking certificate for a physically disabled person in violation

of Minn. Stat. § 169.345, subd. 4. Both Nelson and Knoll pleaded not guilty, and in September 2018, both Nelson and Knoll were convicted and ordered to pay a $135 fine.[1]

Almost three years later, Nelson and Knoll commenced this lawsuit. No cause of action is cited or even alluded to in the complaint. The sole factual allegations are as follows:

> Glenn has a handicap tag—and was still fined even after going to court[.] Dawn was fined even though she was not driving her vehicle—Glenn was—plus the vehicle was parked in front of the court house where there are cameras all over!

ECF No. 1 at 6.[2]

The complaint asserts no reason why a federal court would have subject-matter jurisdiction over this lawsuit, and this Court can discern none. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that "the burden of establishing" subject-matter jurisdiction "rests upon the party asserting jurisdiction"). No federal

---

[1]*See State v. Nelson*, No. 45-VB-18-225 (Minn. Dist. Ct. filed July 18, 2018); *State v. Knoll*, No. 45-VB-18-215 (Minn. Dist. Ct. filed July 10, 2018). Nelson was convicted of unauthorized use of a parking certificate for a physically disabled person. The charge that he parked in or obstructed access to a space reserved for people who are physically disabled was dismissed.

[2]Nelson and Knoll attached 106 pages of exhibits to their complaint. Many of these pages are related to the disability-parking citations described above. *See* ECF No. 1-2 at 1–53. There are also several pages of exhibits related to a March 2019 traffic citation issued to Nelson after he drove into a ditch and admitted to taking medications that could affect his driving. *See* ECF No. 1-2 at 54–106. It is unclear what relevance, if any, these exhibits have to this lawsuit.

cause of action is alleged, nor have plaintiffs plausibly alleged a basis for asserting diversity jurisdiction.³ *See* 28 U.S.C. §§ 1331, 1332. Accordingly, this matter is dismissed without prejudice for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

---

³As an initial matter, a sheriff's department is not a legal entity subject to suit. *See, e.g., De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). This fact alone is sufficient to warrant dismissal of this lawsuit. *See id*.

If an appropriate entity were named, such an entity would presumably be either an "arm" or a "political subdivision" of the State of Minnesota. *Compare McMillian v. Monroe County*, 520 U.S. 781, 793 (1997) (holding that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties"), *with Dean v. County of Gage*, 807 F.3d 931, 942 (8th Cir. 2015) (applying *McMillian* factors and holding that Nebraska sheriff was representing county, rather than state). *See also Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Tr. Co.*, 640 F.3d 821, 826–27 (8th Cir. 2011) (applying same analysis of when an entity is an "arm of the state" for Eleventh Amendment purposes to citizenship analysis under § 1332(a)(1)). If the former, this Court would lack subject-matter jurisdiction under § 1332 because "a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). If the latter, this Court would *still* lack subject-matter jurisdiction under § 1332 because Nelson and Knoll assert that they are residents of, and appear to be domiciled in, Minnesota. *See* ECF No. 1 at 2.

2.  The applications of plaintiffs Glenn Nelson and Dawn Knoll to proceed *in forma pauperis* [ECF Nos. 2, 3] are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 14, 2021       s/Patrick J. Schiltz
                           Patrick J. Schiltz
                           United States District Judge